LEE, Judge,
for the Court.
PROCEDURAL HISTORY
¶ 1. The appellant, Clifton Lee Harley, was indicted in August 1997 on four counts: kidnaping, rape, sexual battery, and aggravated assault. After a trial in December 2000, a mistrial was declared with regard to the kidnaping and rape counts, but Harley was found not guilty of sexual battery and guilty of aggravated assault. He was sentenced to serve twenty years for the aggravated assault charge.
¶ 2. On appeal, Harvey argues that the court erred in granting the State’s motion in limine concerning admission of evidence regarding the victim’s prior sexual history, and that the verdict was against the overwhelming weight of the evidence. Having reviewed the arguments raised, we find no merit to either issue; thus, we affirm.
FACTS
¶ 3. On or about August 7, 1997, Alicia Anderson was with Clifton Harley, her live-in boyfriend at that time. Anderson conveyed at trial that beginning the early morning of August 7 continuing through the evening of August 8, Harley accused her of infidelity and held her prisoner against her will. During this time, Anderson testified that Harley beat her with various objects including a tire iron, belt buckles, and a stick with an extension cord wrapped on it. Anderson also described how Harley forced her to perform oral sex on him and also how he tied her *1234 up and stuck a broom handle into her vagina. He also forced her to have sex with him. Later, Harley forced Anderson from their home into a vehicle where he continued to assault her. A witness called the police and they came to the scene. Once Harley noticed the police, he ran away and was not apprehended until a later time. Anderson was taken to the hospital where she was treated for the multiple bruises, abrasions and cuts she had suffered all over her body.
DISCUSSION OF THE ISSUES
I. DID THE COURT ERR IN GRANTING THE STATE’S MOTION IN LIMINE, THEREBY DENYING THE APPELLANT THE RIGHT TO A FAIR TRIAL?
¶ 4. Prior to trial, the State filed two motions in limine. The first motion asked the court to prohibit the defense from referring to Anderson’s past sexual behavior except as relating to Harley or to Anderson’s cousin, Michael Thomas. The second motion asked the court to prohibit any reference to Anderson’s criminal history since this, too, was irrelevant to the present case. The motions in limine were heard prior to opening statements by each party, and the court granted both motions.
¶ 5. On appeal, Harley declines to contest the court’s granting of the motion concerning Anderson’s criminal history; however, he takes issue with the court’s granting the motion concerning Anderson’s sexual history. “Under this Court’s standard of review, the admissibility of evidence rests within the trial court’s discretion. Unless [its] judicial discretion is abused, this Court will not reverse [its] ruling.” Crawford v. State, 754 So.2d 1211(¶ 7) (Miss.2000) (citation omitted).
¶ 6. Harley argues that the court erred in granting the motion because this decision effectively rendered him unable to raise his theory of defense. This defense, specifically, was that Anderson had engaged in sexual intercourse with her cousin and was assaulted by the cousin the day prior to the alleged attack, which would have explained some of her injuries, yet Anderson chose to blame those injuries on Harley rather than admit to the jury that she had a sexual relationship with her cousin. Harley admits that he did hit Anderson, but .explains he was angry with her because on the morning of the attack she had confessed to him that she had engaged in sexual relations with her cousin. Harley argues that to deny him the opportunity to point out and explore the nature, extent and timeliness of a recent prior sexual encounter which involved violence to Anderson was error that violated Harley’s right to a fair trial.
¶ 7. The court ruled that to the extent that Harley wanted to prove why he was mad at Anderson, he could refer to Anderson’s confession of the relationship with her cousin. However, any specific reference to dates and times of Anderson’s sexual relations with her cousin or with any other person would not be permitted due to their prejudicial impact, which outweighed the probative value of such information.
¶ 8. From the transcript, we ascertain that the defense intended to attack Anderson’s character through the introduction of various witnesses who would testify as to Anderson’s past sexual relations and history, and this was the reason for the State’s filing the motion in limine. At the hearing, the defense acknowledged that the only witness that would be called in this regard would be Anderson’s cousin, *1235 and the judge said the cousin could only be questioned to show that the reason for Harley’s anger towards Anderson was her revelation that she had been seeing her cousin behind Harley’s back. No specific information could be solicited concerning the specific nature and frequency of Anderson’s physical relations with her cousin.
The relevancy and admissibility of evidence are largely within the discretion of the trial court and this Court should only reverse where it is clear that discretion has been abused. It is also well settled that error may not be predicated-upon a ruling which admits or excludes evidence unless a substantial right is affected by the ruling.
Simmons v. State, 805 So.2d 452 (¶ 92) (Miss.2001) (citations omitted). The judge explained in her ruling that the probative value was outweighed by the prejudicial effect that would result were Harley allowed to attack Anderson’s credibility by showing her promiscuity, which was irrelevant to the case except with regard to the cousin and to Harley. Harley had the burden of showing that the court abused its discretion in ordering this evidence be excluded. Harley has not met his burden; thus, we find no merit to this issue.
II. WAS THE VERDICT AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
¶ 9. In arguing that the verdict was against the overwhelming weight of the evidence, Harley claims that Anderson’s story was not corroborated by other witnesses, no forensic or other scientific evidence connecting himself to the crimes was produced, and the evidence did not support the verdict such that a reasonable jury could have found him guilty on the facts as presented.
In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal. As such, if the verdict is against the overwhelming weight of the evidence, then a new trial is proper.
Baker v. State, 802 So.2d 77 (¶ 14) (Miss.2001). Looking to the evidence in support of the verdict, we find that no unconscionable injustice results if we allow the verdict to stand. Harley was convicted solely of aggravated assault, a charge which he admitted in his statement to police that he had committed. Accordingly, we affirm.
¶10. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE TO SERVE TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO HINDS COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.